J-S13019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARIO COURTLIN PARKER | |
| Appellant | No. 821 WDA 2015 |

Appeal from the PCRA Order April 22, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007624-2009

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

DISSENTING STATEMENT BY FITZGERALD, J.: **FILED AUGUST 10, 2016**

I respectfully disagree with the majority's decision to deny Appellant's petition for remand for an evidentiary hearing. ***See*** Majority Mem. at 5. The majority concludes that Appellant has not asserted or demonstrated "that Freeman's recantation could not have been obtained prior to trial through reasonable diligence" and "he has not shown that it would compel a different result[.]" ***Id.*** at 5; ***see id.*** at 4 ("Appellant's petition for remand does not aver that he could not have obtained Freeman's recantation at or prior to the conclusion of trial through reasonable diligence"). However, Appellant specifically contends Freeman's recantation meets the criteria for an after-discovered evidence claim, including the requirement that the evidence "could not have been obtained at or prior to trial through the

_____

[*] Former Justice specially assigned to the Superior Court.

exercise of reasonable diligence[.]" Appellant's Pet. for Remand, 3/27/16, at 6 (citation omitted). Moreover in his affidavit, Freeman avers, *inter alia*, the following:

> 5.      When I was interviewed by the police, I did not feel that I was able to disagree with them. I had been held in a room for many hours, overnight, and felt pressured by the detectives to agree with them that [Appellant] was one of the shooters. I wanted to go home, so I told them what I felt they wanted to hear. Aside from the interview on May 1, 2009, I was never interviewed again by the police or the District Attorney's Office.
>
> 6.      Before I testified in court, I told the police that I didn't think I had identified the right person. The police told me that I should just say what I had said to them before, that they had the right guy. I had never testified in court before. I did not have an attorney to advise me. I was scared and nervous.
>
> 7.      [Appellant's] trial attorney never contacted me before his trial. The first time I spoke to anyone other than the police about [Appellant's] case was in April of 2015, when an investigator for [Appellant] contacted me. **I was not ready to talk to anyone at that time, so I told him that what I said at trial was the truth.**
>
> 8.      The first time I told anyone involved in [Appellant's] case that I identified the wrong person was on February 11, 2016, when I met with [Appellant's] attorney . . . at her office. Although I do not look forward to having to testify again, an experience that was extremely stressful to me, a man is serving two life sentence for crimes he did not commit, and the right thing to do is to come forward with the truth.

*Id.* at Ex. A (Affidavit of D'Andre Freeman), at 1-2 (emphasis added).

Accordingly, Appellant sufficiently contended in his petition that he could not have obtained Freeman's recantation through the exercise of due

diligence at or prior to trial, and Freeman reiterated he was **unwilling** to proffer his recantation as of April 2015. ***See id.*** at 6; ***id.*** at Ex. A at 1-2; ***see also Commonwealth v. Medina***, 92 A.3d 1210, 1217-18 (Pa. Super. 2014) (*en banc*) (discussing recantation evidence as "after-discovered evidence" and noting it was "highly unlikely" defense counsel could elicit recantation testimony on cross-examination at the time of trial). Furthermore, as the majority acknowledges, the other witness who identified Appellant prior to trial did not identify him as the shooter at the time of trial. Majority Mem. at 4-5.

Based on the foregoing, I conclude Appellant has sufficiently established his right to an evidentiary hearing on his claim based on Freeman's recantation, and I would remand to the PCRA court. Therefore, I respectfully dissent.